LIME ROCK FIRE & MARINE INSURANCE COMPANY *vs.* EDWIN
P. TREAT & another.

*Copartnership—not bound by one partner's signing firm name to premium
note for insurance upon his individual property.*

One partner cannot bind his firm by signing their name to a renewal note of a
premium note given by such partner in the name of the firm for a policy of
insurance upon his individual property.

ON REPORT.

ASSUMPSIT on a promissory note signed E. P. Treat & Co., and
on the original account for which the note was given, which bore
date more than six years earlier than the date of the writ.

*D. N. Mortland*, for the plaintiffs.

*N. H. Hubbard*, for Henry Treat.

DICKERSON, J. Assumpsit on a promissory note signed " E. P.
Treat & Co." E. P. Treat has been defaulted, and the plaintiffs
claim to hold Henry Treat liable on the note, as a copartner in the
firm of E. P. Treat & Co.

The note in suit was given in payment of a note dated in 1862,
and signed E. P. Treat & Co., and in settlement of certain other
matters of account. The signature to both notes is in the hand-
writing of E. P. Treat.

Henry Treat testifies that he was a copartner of E. P. Treat
from the fall of 1857 to the summer of 1864, but not when the
note in suit was given. The consideration of the first note was
the premium for insuring the brig, " E. P. Treat," which was
owned in part by the defendants in equal proportions, and in their
individual capacity. As the brig constituted no part of the copart-
nership property, neither of the copartners had a right, as such, to
sign the copartnership name to the premium note, and thereby bind
the firm ; nor could either of the copartners bind the firm by giv-
ing a renewal note in the copartnership name.

The plaintiffs cannot recover on their account annexed, because it is barred by the statute of limitations.    According to the agreement of the parties the entry must be,        *Plaintiffs nonsuit.*

APPLETON, C. J.; CUTTING, KENT, and DANFORTH, JJ., concurred.